### SQUIRE v
### STRUTHERS IRON & STEEL CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2254. Decided Dec 30, 1935

John W. Bricker, Columbus, Charles F. Carr, and Harrington, Huxley & Smith, Youngstown, for plaintiff in error.

Henderson, Wilson, Mason & Wyatt, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

This cause is in this court on error from the Court of Common Pleas of Mahoning County. An action was begun in the lower court by the plaintiff, plaintiff in error, against the defendant, defendant in error, seeking to recover $2500.00, and interest thereon, for services claimed to have been performed by it as depositary. To th's claim of the plaintiff, the defendant, after admitting certain allegations of the plaintiff's petition, avers first that the amount of $2500.00 had been paid in full; that such was the agreement at the time of payment of $2500.00 by defendant for services rendered in connection with the protection of the interest of certain stockholders under a certain reorganization plan of the Struthers Furnace Company, and further that the sum of $2500.00, now claimed by the plaintiff, is excessive and an unreasonable charge, constituting a duplication of the account of $2500.00 heretofore paid, and the defendant denies each and every other allegation contained in the petition. The claims of the defendants are denied in plaintiff's reply, and it is further alleged in the reply that the $2500.00, set out in defendant's answer, was for services rendered by it solely as trustee of the bonds of the Struthers Furnace Company, and was so understood by the defendant company at the time. That the charge of $2500.00 was for services rendered as de-

positary for the Bondholders Protective Committee, under the terms of the plans of reorganization adopted by such committee. The cause came on for trial to the court and jury and a verdict rendered in favor of the deefndant, a motion for new trial filed, overruled and judgment rendered thereon, and error is prosecuted to this court to reverse this judgment.

This is a second trial of this cause. The first trial was had to- the court and jury and a veridct returned in favor of the plaintiff for the full amount. A motion was made for judgment notwithstanding the verdict, and at the same time a motion for new trial was filed. The motion for judgment notwithstanding the verdict was sustained, error prosecuted to the Court of Appeals, which court reversed the lower court and remanded the case. No ruling at that time had been made on the motion for new trial, and subsequent to the prosecution of error, the trial court thereupon sustained defendant's motion for new trial. Subsequent thereto a second amended petition was filed. The issues having thus been made up by the filing of a second amended petition, as above indicated, the cause again came on for trial to the court and jury, resulting in a verdict in favor of the defendant, ten jurors concurring in the verdict.

The facts leading up to the litigation are substantially as follows: On or about May 1st, 1922, a first mortgage trust deed was given by the Struthers Furnace Company to the Guardian Savings & Trust Company, as trustee, to secure an issue of $1,-500,000 first mortgage sinking fund eight per cent, gold bonds. This deed provided for reasonable compensation to the trustee, its agents, attorneys and counsel, and the payment of all expenses, liabilities and covenants made or incurred by the trustee thereunder. About two years thereafter, in 1924, the Struthers Furnace Company defaulted on the bonds secured thereby, and for a number of years and until the reorganization in 1927, The Guardian Trust Company performed services as trustee, including the foreclosure of the mortgage deed. After the default, in 1924, a Bondholders Protective Committee was formed to represent those bondholders who desired to deposit their bonds pursuant to the Bondholders Protective agreement. This committee designated depositaries, the Guardian Trust Company as depositary and banks in Chicago and Pittsburgh as sub-depositaries, their powers and duties being prescribed in that agreement. The agreement provided that the committee should fix compensation for the deposit-

aries. At a meeting held by the committee the bill of the Guardian Trust Company, in the amount of $3,144.78, was approved as an obligation of the committee, and by resolution the secretary was instructed to send such bill to the Struthers Iron & Steel Company.

Many errors are set out in the petition in error, among which are the following: First, that the verdict of the jury is against the manifest weight of the evidence; Second, that the court erred in admitting evidence offered by the defendant in error, over the objection of the plaintiff in error. The issues, boiled down, are these: The plaintiff claims $2500.00 depositary's fees, and that the $2500.00 heretofore paid were fees due it as trustee. The defendant claims that the $2500.00 paid by it to the plaintiff constituted full payment for all services performed by the plaintiff as trustee and as depositary; that the claim of $2500.00 depositary's fees is an unreasonable and excessive charge. No interrogatories were submitted to the jury. Assuming that these are consistent defenses, the court has no means of knowing the basis of the jury's finding, whether same was unreasonable or whether the jury based their verdict upon the contract claimed by defendant that the $2500.00 payment was to be in full for all services performed by the plaintiff, including the depositary charge. As to the defense urged that the depositary charge of $2500.00 was unreasonable, the entire record bearing on this issue is to the effect that such charge was not unreasonable and that same was below the usual charge for such services, and no testimony or evidence was submitted to the jury to refute this testimony offered on behalf of the plaintiff, and if the jury found such to be unreasonable, such holding would be manifestly against the weight of the evidence.

Now, the further defense that the $2500.00 paid to the bank constituted full and complete payment for all services rendered by the bank in connection with the reorganization, it is regrettable that some of the important witnesses in this case are deceased. However, there is a mass of correspondence and other matters of evidence which we have examined. We have read the record and the greater part of the correspondence twice, and the briefs submitted, and it is unnecessary to recite all the evidence found therein bearing on this issue. Suffice it to say that we have come to the conclusion that the verdict and judgment are manifestly against the weight of the evidence.

We might further suggest that the issues in this case are narrow, and in passing might observe that we are of the opinion that there were extraneous matters involved in the case that should be eliminated in a retrial thereof, which extraneous matters might and without doubt prejudicially affected the minds of the jurors. Coming to this conclusion, the lower court is reversed and the cause remanded to that court for retrial.

Judgment reversed.

ROBERTS and NICHOLS, JJ, concur.